IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ERIN L. FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:08CV242-HEH |
| | ) |
| CAPITAL ONE BANK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
(Granting Defendant's Motion to Stay)

THIS MATTER is before the Court on Defendant's Motion to Stay Pursuant to the Federal Arbitration Act (FAA) or, Alternatively, Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), filed on May 21, 2008. Both parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant Defendant's Motion to Stay.

### I. Background

On July 9, 2007, Plaintiff Erin Freeman applied for an increase in her credit limit with Capital One Bank (USA), N.A. ("Capital One"),[1] which Capital One denied. Capital

---

[1] As Defendant noted in its brief, the plaintiff mistakenly identified the defendant as Capital One Bank. Though Plaintiff's account originated with Capital One Bank, that entity converted to Capital One Bank (USA), N.A. on March 1, 2008. Thus, her account is now owned by Capital One Bank (USA), N.A. and that entity is the proper defendant.

One did not explain why it denied Freeman's request, stating only that "a credit limit increase on your account is not currently available upon request." (Ex. A to Def.'s Mem. Supp. Mot. to Stay.) Because Capital One provided no explanation for denying Freeman's request, Freeman argues Capital One violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 *et seq.* On April 22, 2008, Freeman filed a class action complaint against Capital One on behalf of all Capital One customers that were similarly denied a credit limit increase within the past two years. (Compl. ¶ 16.) She seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

Freeman applied for a credit card account on September 14, 2005, via Capital One's website. (Decl. of Jennifer H. Crone, Ex. B to Def.'s Mem. Supp. Mot. to Stay ¶ 5.) By submitting her application, Freeman agreed to the "Terms of Offer" for opening a new account. (*Id.* ¶ 8.) The Terms of Offer included the following provision:

> Arbitration: I understand that the Customer Agreement contains an Arbitration provision that may limit my legal rights, including my right to go to court, to have a jury trial, and to participate in class actions. I will receive the Capital One Customer Agreement and am bound by its terms and future revisions thereof.

(*Id.* ¶ 7.) On September 27, 2005, Capital One approved Freeman's application and mailed Freeman her credit card along with the Customer Agreement, which included an Arbitration Agreement. (*Id.* ¶ 10-11.) Though Freeman has agreed to arbitrate her claim, she contends she has never seen such an agreement. (Pl.'s Resp. Def.'s Mot. to Stay 2.) Based on Crone's detailed declaration and supporting documents, however, this Court finds Freeman's contention implausible.

The Arbitration Agreement provides that "[t]he arbitration of any Claim must proceed on an individual basis, even if the Claim has been asserted in a court as a class action . . . ." (Ex. B-1 to Def.'s Mem. Supp. Mot. to Stay 3.) Further, "the validity and enforcement of any class action waiver is a question for a court of competent jurisdiction, not an arbitrator, to decide." (*Id.*)

To enable arbitration pursuant to the FAA, Capital One urges this Court to either stay the proceeding or alternatively dismiss this action. There appears to be no dispute as to the arbitrability of plaintiff's claim. The only remaining questions before this Court are 1) whether this Court, rather than the arbitrator, should determine the enforceability of the class action arbitration waiver and 2) if this Court can make such a determination, whether the class action arbitration waiver is, in fact, enforceable.

## II. Analysis

The FAA "requires courts to enforce privately negotiated arbitration agreements, like other contracts, in accordance with their terms." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989). Indeed, "[i]f the parties unambiguously agree that a certain class of disputes is not subject to the grievance procedure, then no arbitrator or court may reach the opposite conclusion." *U.S. Postal Serv. v. Am. Postal Workers Union*, 294 F.3d 523, 530 (4th Cir. 2000). The terms of Freeman's binding arbitration agreement could not be more clear: "the validity and enforcement of any class action waiver is a question for a court of competent jurisdiction, not an arbitrator, to decide." (Ex. B-1 to Def.'s Mem. Supp. Mot. to Stay 3.)

3

Enforcement of such a class action waiver exemplifies what the Supreme Court has described as a "question of arbitrability." *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83-84 (2002). Such questions exist "where contracting parties would likely have expected a court to decide [a] gateway matter, . . . and consequently, where reference of the gateway dispute to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate." *Dockser v. Schwartzburg*, 433 F.3d 422, 426 (4th Cir. 2007) (quoting *Howsam*, 537 U.S. at 83-84). Questions of arbitrability are left to "judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986).

Here, the parties did not merely assume the enforceability of the class action waiver to be subject to judicial determination; they expressly agreed to such a determination. This distinguishes this case from *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), where no such class action waiver existed in the agreement. Here, however, this Court is not "faced . . . with a problem concerning the contract['s] silence." *Id.* at 447. Thus, Plaintiff's reliance on *Green Tree* by way of *March v. Tysinger*, No. 3:07CV508 (E.D. Va. Dec. 12, 2007), is misplaced.

Because the arbitration agreement clearly delegates the class action question to the Court, this Court will now determine whether the class action arbitration waiver between Capital One and Freeman is enforceable. *See Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 305 (4th Cir. 2001).

The FAA states that "a written provision in any . . . contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Freeman offers no authority to the contrary. In fact, she advances no tenable reason why this Court should not enforce the class action arbitration waiver. Her "inability to bring a class action . . . cannot by itself suffice" to render the provision unenforceable. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002); *see also Snowden v. Checkpoint Check Cashing*, 290 F.3d 631, 638 (4th Cir. 2002) (rejecting argument that a class action waiver, without more, is unconscionable). In obtaining a line of credit from Capital One, Freeman clearly contracted away the right to pursue class arbitration. Therefore, the class action arbitration waiver is enforceable.

Because the waiver is enforceable, Defendant's motion to stay this litigation will be granted. Plaintiff will proceed to arbitration on an individual basis in accord with her binding arbitration agreement with Capital One.

An appropriate Order will accompany this Memorandum Opinion.

                                                   /s/
                                      Henry E. Hudson
                                      United States District Judge

Date: July 3, 2008
Richmond, VA